IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SIM FRYSON ENTERPRISES, INC.,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-106**          (Cir. Ct. Kanawha Cnty. Case No. 20-C-754)

**TIM SHORT OF CHARLESTON, LLC,**
**TIM SHORT, and GARY MARCUM,**
**Defendants Below, Respondents**


**MEMORANDUM DECISION**

Petitioner Sim Fryson Enterprises, Inc. ("Fryson") appeals the September 12, 2023, order from the Circuit Court of Kanawha County granting Respondents Tim Short and Gary Marcum's (collectively "Respondents") motion for judgment on the pleadings and the circuit court's February 16, 2024, order denying Fryson's motion to alter or amend judgment. Respondents filed a response.[1] Fryson filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

Fryson is a Kentucky corporation that conducted business in both Kentucky and West Virginia. Tim Short of Charleston, LLC ("TSoC"), is a Kentucky limited liability company that conducted business in West Virginia as an automobile dealer. Tim Short and Gary Marcum are the managers of TSoC. Fryson owned parcels of commercial property in South Charleston, West Virginia, and leased that property to TSoC for the operation of TSoC's automobile dealership. The amended complaint alleges TSoC ceased its operations and vacated the premises around April 29, 2017, and did not notify Fryson. Fryson further

---

[1] Fryson is represented by Elliot G. Hicks, Esq. Tim Short, Gary Marcum, and Tim Short of Charleston, LLC, are represented by Jared M. Tully, Esq., and Alex J. Zurbuch, Esq.

alleges TSoC failed to meet its financial obligations to it after that date and also caused damage to the property.

On September 2, 2020, Fryson filed its complaint against TSoC in the Circuit Court of Kanawha County alleging breach of the lease between the parties. TSoC did not appear or defend against these claims, and the circuit court granted default judgment against TSoC on February 3, 2021. On March 15, 2021, the circuit court held a hearing to determine damages, and on March 18, 2021, the court entered a judgment against TSoC for $1,207,320.06 related to the various damages pled in the complaint.

Next, Fryson engaged in limited discovery to determine which assets might be available to satisfy this judgment. Based on this limited discovery, Fryson moved to amend its complaint on June 16, 2022, to include Tim Short and Gary Marcum as defendants and sought to allege claims related to piercing the corporate veil. The circuit court granted that motion on July 8, 2022. The amended complaint then became the operative complaint in this matter.

Next, the parties engaged in discovery, and Respondents became aware that Fryson was no longer in good standing with the Kentucky Secretary of State due to its failure to file corporate reports and to pay fees and taxes. On August 3, 2023, Respondents moved for judgment on the pleadings pursuant to Rule 12(c) of the West Virginia Rules of Civil Procedure alleging the administrative dissolution of Fryson rendered it without standing to pursue its claims and that the circuit court did not have jurisdiction over this case. This motion was set for hearing before the circuit court on August 18, 2023. On August 15, 2023, Fryson filed a response arguing that it had been reinstated in Kentucky on August 11, 2023, and that this reinstatement cured all issues concerning standing and jurisdiction. Next, on September 12, 2023, the circuit court entered an order granting Respondents' Motion for Judgment on the Pleadings. The order dismissed the action without prejudice and held the standing and jurisdictional requirements were not met because Fryson was dissolved at the outset of the litigation and throughout the majority of this case. The circuit court applied Kentucky law and concluded that the law requires jurisdiction to exist at the time the action is filed.

On September 25, 2023, Fryson filed its Motion to Alter or Amend Judgment. On October 19, 2023, before the circuit court could rule on this motion, Fryson initiated its first appeal to this Court. *See Sim Fryson Enterprises Inc. v. Tim Short of Charleston, LLC*, No. 23-ICA-467 (W. Va. Ct. App. Nov. 9, 2023). These same Respondents moved to dismiss the appeal as premature and for lack of subject matter jurisdiction, and this Court granted that motion and dismissed the appeal. Next, on February 16, 2024, the circuit court entered an order denying Fryson's Motion to Alter or Amend Judgment and held that Fryson failed to provide a basis for the court to alter its September 12, 2023, order. Fryson then filed this appeal.

Fryson appeals both an order granting a motion for judgment on the pleadings and an order denying a motion to alter or amend judgment. A motion to alter or amend is reviewed under the following standard:

> The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). Here, the motion to alter or amend related to an order granting a motion for judgment on the pleadings so we apply a de novo standard of review. *See* Syl. Pt. 1, *Copley v. Mingo County Bd. of Educ.,* 195 W. Va. 480, 466 S.E.2d 139 (1995) (holding that "[a]ppellate review of a circuit court's order granting a motion for judgment on the pleadings is de novo."). Further, "[a] motion for judgment on the pleadings presents a challenge to the legal effect of given facts rather than on proof of the facts themselves." *Id.* at 482, 466 S.E.2d at 141, Syl. Pt. 2. For this reason,

> [a] circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant a motion for judgment on the pleadings only if it appears beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim or defense.

*Id.* at Syl. Pt. 3.

On appeal, Fryson asserts three assignments of error.[2] First, Fryson argues the circuit court ignored the plain language of Kentucky Revised Statute § 14A.7-030 (2022) which allowed Fryson to become reinstated after its dissolution. Second, Fryson argues the circuit court ignored authority that allowed it to be reinstated and then operate as if the suspension had never occurred. Finally, Fryson argues the circuit court overlooked authority that shows Fryson's activities fit within the definition of "winding down"

---

[2] Fryson attempts to assert a fourth assignment of error for the first time in reply which argues that the circuit court overstepped its authority in dismissing the case because default judgment had already been entered against TSoC. Rule 10(g) of the West Virginia Rules of Appellate Procedure states a petitioner's reply brief must comply with the parts of Rule 10 that are applicable to respondents. Rule 10(d) sets forth that a "respondent's brief must specifically respond to each assignment of error[.]" As a result, Fryson is limited to responding to the assignments of error in its brief and may not raise a new assignment of error in its reply brief. *See also In re L.G.*, No. 19-0940, 2020 WL 3447464, at *1 n.2 (W. Va. June 24, 2020) (memorandum decision); *In re M.S.-1*, No. 17-0872, 2018 WL 1255020, at *1 n.2 (W. Va. Mar. 12, 2018) (memorandum decision).

activities. These assignments of error are closely related so we will consolidate them for clarity. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (allowing consolidation of related assignments of error).

The parties do not dispute that Kentucky law applies to this case. Under Kentucky law, a corporate entity may be administratively dissolved by the Secretary of State if the entity fails to comply with certain requirements. Ky. Rev. Stat. § 14A.7-010. Once that entity is administratively dissolved, it still exists but only for the purposes of winding up and liquidating. *See* Ky. Rev. Stat. § 275.300(2); *see also Pannell v. Shannon*, 425 S.W.3d 58, 73 (Ky. 2014) (stating that "a dissolved company 'shall not carry on any business except that appropriate to wind up and liquidate its business and affairs'"). Kentucky Revised Statute § 14A.7-030(3) states, in relevant part, as follows:

> (3) When the reinstatement is effective:
>
> (a) It shall relate back to and take effect as of the effective date of the administrative dissolution:
>
> (b) The entity shall continue carrying on its business as if the administrative dissolution or revocation had never occurred; and
>
> (c) The liability of any agent shall be determined as if the administrative dissolution or revocation had never occurred.

This statute is clear that once an entity has been reinstated, this reinstatement relates back to the effective date of the dissolution. In this case, Fryson was dissolved in September of 2012 but then became reinstated on August 11, 2023, during the pendency of this case. Under Kentucky Revised Statute § 14A.7-030(3), this reinstatement relates back to the effective date of Fryson's administrative dissolution and allows Fryson to carry on as if this dissolution never occurred. *See Mod. Holdings, LLC v. Corning Inc.*, No. CIV. 13-405-GFVT, 2015 WL 1481457, at *3 (E.D. Ky. Mar. 31, 2015). Fryson's reinstatement and return to good standing with the Kentucky Secretary of State cures any concerns regarding standing and establishes standing retroactively for Fryson's claims. It was error for the circuit court to conclude otherwise. Accordingly, the circuit court's ruling that it did not have subject matter jurisdiction to hear this case is reversed, and this case is remanded for further proceedings consistent with this decision.

Accordingly, we reverse the circuit court's findings in its September 12, 2023, order and its February 16, 2024, order and remand this matter to the Circuit Court of Kanawha County for further proceedings consistent with this decision.

Reversed and Remanded.

4

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White